### SWILLEY v. SWILLEY.

No. 114806-C.

Circuit Court, Hillsborough County.

November 2, 1959.

64

Virginia S. Jordan, Jordan & Jordan, Tampa, for plaintiff.

William H. Taylor, Tampa, for defendant.

HARRY N. SANDLER, Circuit Judge.

On April 6, 1959 the judge of the juvenile and domestic relations court of Hillsborough County adjudged Floyd, Mike, Ted, Sheila and Sandra Swilley to be dependent children and ordered that they be placed in the home of their father, Elam L. Swilley, until the further order of the court.

On July 3, 1959 Elam L. Swilley filed suit against his wife, Connie L. Swilley, for divorce and prayed to be awarded the temporary and permanent custody of the minor children. The defendant, Connie L. Swilley, filed her answer and counterclaim where she prayed for a divorce and likewise to be awarded both temporary and permanent custody of the children.

Thereafter, on August 25, 1959, the plaintiff, Elam L. Swilley, moved this court to stay all proceedings in the divorce suit as to all matters of custody by reason of the order of April 6, 1959, the provisions of article V, section 6(3) of the Florida constitution as amended July 1, 1957, and by reason of the opinion of the First District Court of Appeal in In re C.E.S., 106 So. 2d 610.

Plaintiff father now contends that the juvenile court, having adjudged the children to be dependent on April 6, 1959, has exclusive jurisdiction as to their custody, and that this court is without authority to award custody in the divorce suit.

Section 39.10, Florida Statutes 1957, provides — "If the [juvenile] judge shall find that the child named in a petition is a dependent or delinquent child, the judge shall incorporate that finding in an order entered in the case, briefly stating the facts upon which the finding is made, and the juvenile court shall thereafter have full jurisdiction to deal with the child as a dependent or delinquent child."

While the case of In re C.E.S., supra, does not directly answer the question herein involved, it is the opinion of this court that the contention of the plaintiff father does find support therein, and that this court, in view of the prior adjudication by the judge of the juvenile court that the children are dependent children, is without authority to award custody in this proceeding.

Plaintiff's motion to stay the proceedings in the case now before the court as to all matters affecting the custody of the children is granted.